UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOMA LINDA UNIVERSITY KIDNEY CENTER,<br><br>      Plaintiff,<br><br>v.<br><br>SYLVIA M. BURWELL,<br>Secretary, Department of Health and Human Services,<br><br>      Defendant. | Civil Action No. 15-01717 (TFH)<br>Consolidated with |
| LOMA LINDA UNIVERSITY MEDICAL CENTER,<br><br>      Plaintiff,<br><br>v.<br><br>SYLVIA M. BURWELL,<br>Secretary, Department of Health and Human Services,<br><br>      Defendant. | Civil Action No. 15-01721 (TFH) |

## MEMORANDUM OPINION & ORDER

Pending before the Court is plaintiffs' Motion for Leave to Conduct Discovery and to Supplement the Administrative Record [ECF No. 17]. The Secretary has filed an opposition [ECF No. 19], and plaintiffs a reply [ECF No. 20]. Upon consideration of the parties' filings, the Court's March 3, 2016 Order [ECF No. 16], and the entire record herein, the motion will be denied and a briefing schedule for dispositive motions will be set.

This case stems from the Department of Health and Human Services' denial of plaintiffs' applications for exceptions to the payment rate for reimbursement of renal dialysis treatment services. Plaintiffs submitted their applications on August 28, 2000. The Centers for Medicare & Medicaid Services ("CMS") issued the agency's initial decisions, dated November 15, 2000, denying plaintiffs' applications on the merits.

On administrative appeal, the Provider Reimbursement Review Board (the "Board") reversed the November 15, 2000 CMS decisions, finding that the applications should have been deemed approved because CMS did not provide notice of its decisions within 60 working days as required by 42 U.S.C. § 1395rr(b)(7) (providing that "[e]ach application . . . shall be deemed to be approved unless the Secretary disapproves it by not later than 60 working days after the date the application is filed"). The Board concluded the issue whether CMS's denials of the applications were otherwise proper was moot.

The CMS Administrator (the "Administrator"), however, reversed the Board's decisions, concluding instead that CMS timely denied plaintiffs' applications within 60 working days, even if it did not provide notice of its decisions until later. The Administrator reasoned that section 1395rr(b)(7) does not require that plaintiffs receive notice of the disapproval within the statutory time period, but rather, requires only that CMS *render* the disapproval of the applications within the 60-working day statutory period. The Administrator did not address whether CMS's denials of the applications were otherwise proper.

Plaintiffs each sought judicial review under the Administrative Procedure Act ("APA"), their cases were consolidated, and the parties filed cross-motions for summary judgment. Plaintiffs also filed a motion to compel the production of any CMS logs reflecting the date upon

which the November 15, 2000 denial letters were actually signed and mailed. Plaintiffs insisted their applications should have been deemed approved because, *inter alia*, section 1395rr(b)(7) requires that CMS provide notice of its decision within the 60-working day statutory period.

On January 28, 2011, this Court granted in part and denied in part the Secretary's motion for summary judgment, granted in part and denied in part plaintiffs' motion for summary judgment, and affirmed a Magistrate Judge's denial of plaintiffs' motion to compel. *Loma Linda Univ. Kidney Ctr. v. Sebelius*, Civ. Nos. 06-1926 & 06-1927, 2011 WL 13063635, at *1, *10 (D.D.C. Jan. 28, 2011) ("*Loma Linda I*"). In granting partial summary judgment in favor of the Secretary, this Court upheld the Administrator's interpretation of 42 U.S.C. § 1395rr(b)(7) as requiring only that CMS render its disapproval of the applications within the 60-working day statutory period, which interpretation this Court found was entitled to deference under *Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). *Loma Linda I*, 2011 WL 13063635, at *2-3. Additionally, regarding plaintiffs' motion to compel, the Court concluded that plaintiffs failed to demonstrate that supplementation of the administrative record through discovery was warranted where the Secretary did not deliberately or negligently exclude any CMS logs from the administrative record and the exclusion of any such logs from the administrative record would not frustrate judicial review. *Id.* at *8-10. The Court further concluded that, with respect to the Administrator's determination that CMS's denials were rendered on November 15, 2000, "the record [is] adequate to find that the Administrator's decision[s] [are] not arbitrary, capricious, or based on insubstantial evidence in this respect." *Id.* at *9. However, because the Administrator's final decisions addressed only the timeliness issue and not the merits of plaintiffs' applications, the Court concluded that "the Administrator's

decision[s] [are] arbitrary and capricious and a remand is necessary . . . for a determination on the merits of Plaintiffs' applications[.]" *Id.* at \*4, \*10.

Plaintiffs attempted to appeal this Court's January 28, 2011 ruling to the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"), but the Secretary filed a motion to dismiss, which the D.C. Circuit granted. Specifically, the D.C. Circuit concluded that this Court's order was not yet final because it included a remand to the agency for further proceedings—the D.C. Circuit noted that "[o]nce the proceedings on remand are concluded, appellants, if still aggrieved, may return to district court, and appeal any still-disputed part of the remand order as well as any district court ruling made after the remand." Sept. 14, 2011 Mandate of United States Court of Appeals [Civ. No. 06-1926, ECF No. 59; Civ. No. 06-1927, ECF No. 31].

On remand before the agency, the Board rendered decisions on September 1, 2015, finding that CMS properly denied plaintiffs' applications—the Board declined to address the timeliness issue. Pls.' Mot. at 7; Def.'s Opp'n at 8; Pls.' Reply at 1. Because the Administrator declined to review the Board's decisions, they became the agency's final decisions on this matter. Pls.' Mot. at 8; Def.'s Opp'n at 8 (citing 42 U.S.C. § 1395oo(f)). Again, plaintiffs each sought judicial review under the APA and their cases were consolidated.

Now, in their pending Motion for Leave to Conduct Discovery and to Supplement the Administrative Record, plaintiffs ask the Court for leave to conduct "limited discovery solely for the purpose of obtaining a factual record pertaining to the following two issues, (a) the date upon which the denial letters dated November 15, 2000 were signed, and (b) the date upon which the denial letters were mailed to the intermediary." Pls.' Mot. at 14. However, discovery in APA

review cases "is the exception, not the rule," *e.g., Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (citing *Motor & Equip. Mfrs. Ass'n Inc. v. EPA*, 627 F.2d 1095, 1105 n.18 (D.C. Cir. 1979)). And plaintiffs fail to persuade the Court that an exception to the rule is warranted here, as might be the case where, for example, "the agency deliberately or negligently excluded documents that may have been adverse to its decision" or the incompleteness of the administrative record "frustrates judicial review." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996).

At bottom, plaintiffs seek to re-litigate the timeliness issue, but this issue is controlled by the law of the case. "[T]he law-of-the-case doctrine [provides that] the *same* issue presented a second time in the *same* case in the *same court* should lead to the *same result*." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996); *see id.* (noting that "[i]nconsistency is the antithesis of the rule of law" and that "[f]or judges, the most basic principle of jurisprudence is that we must act alike in all cases of like nature" (internal quotation marks omitted)). The doctrine is applicable to "questions decided 'explicitly or by necessary implication.'" *Id.* at 1394 (citation omitted). Indeed, "the law of the case [doctrine] turns on whether a court previously 'decide[d] upon a rule of law' . . . [,] not on whether, or how well, it explained the decision." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). The Court's prior ruling in this case clearly (1) upheld the Secretary's interpretation of 42 U.S.C. § 1395rr(b)(7) as only requiring that CMS render its disapproval of the applications within the 60-working day statutory period, (2) denied plaintiffs' motion seeking discovery regarding when CMS's November 15, 2000 decisions were actually signed and mailed, and (3) concluded that the record is adequate to find that the Administrator's determination that CMS's denials were made on November 15, 2000

was "not arbitrary, capricious, or based on insubstantial evidence in this respect." *Loma Linda I*, 2011 WL 13063635, at *2-3. In short, the Court at least implicitly, if not expressly, affirmed the Administrator's determination on the timeliness issue.

Plaintiffs argue that the administrative record does not contain sufficient information to enable this Court to render a decision regarding the timeliness issue—i.e., that the incompleteness of the administrative record frustrates judicial review. Pls.' Mot. at 9-13. But plaintiffs miss the point: the timeliness issue has already been decided and, therefore, judicial review of this issue (at least by this Court) is foreclosed by the law of the case doctrine. Although the Court is not required to adhere to the law of the case in situations where "there is an intervening change in the law or [where] the previous decision was 'clearly erroneous and would work a manifest injustice,'" *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999) (quoting *LaShawn A.*, 87 F.3d at 1393), neither situation applies here. Plaintiffs invite the Court to revisit its earlier ruling in light of the D.C. Circuit's subsequent holding in *Gunderson Lutheran Med. Ctr., Inc. v. Sebelius*, 666 F.3d 1335, 1336 (D.C. Cir. 2011), which, they assert, "requires that the Court determine the date upon which the CMS decisions were communicated" to decide whether the agency's decision satisfied the 60-working day requirement under section 1395rr(b)(7). Pls.' Mot. at 10. However, although the D.C. Circuit in *Gunderson* concluded that CMS had satisfied the 60-working day requirement where it had provided notice of its decision prior to the 60th working day, the D.C. Circuit clarified that even "if, for some hypothetical reason, [CMS]'s decision was not available to the applicant in a timely manner, the relevant question would be how to interpret *the appeal regulation—not* [section 1395rr(b)(7)]." 666 F.3d at 1337 (emphasis added). Thus, the D.C. Circuit's holding in *Gunderson* does not amount to a

change in the law that would warrant this Court revisiting the timeliness issue. And plaintiffs otherwise fail to assert, much less demonstrate, that the Court's previous decision was clearly erroneous and would work a manifest injustice.

Plaintiffs further argue that the Secretary deliberately or negligently excluded documents (i.e., the aforementioned CMS logs) that may have been adverse to the agency's decision when compiling the administrative record in this case. *See* Pls.' Mot. at 8-9, 13-14. The Court disagrees. As noted above, the Court previously ruled that the Secretary had not deliberately or negligently excluded CMS logs from the administrative record in *Loma Linda I*, at which point the timeliness issue was still an open question. The timeliness issue having been decided, the Court concludes that the Secretary, *a fortiori*, did not deliberately or negligently excluded any CMS logs from the administrative record in these actions concerning *the merits* of plaintiffs' applications.[1]

In sum, plaintiffs fail to demonstrate that supplementation of the administrative record through discovery is warranted. *See Ludwig, supra.*

---

[1] Plaintiffs flog the proverbial dead horse one last time in their reply brief, asserting that the D.C. Circuit's order dismissing their prematurely-filed appeal provides that the timeliness issue is properly before this Court. Pls.' Reply at 2. This assertion reflects, at best, a strained reading of the D.C. Circuit's order, which this Court reads as follows: "Once the proceedings on remand are concluded, appellants, if still aggrieved, may return to district court, and appeal [*to the court of appeals*] any still-disputed part of the remand order as well as any district court ruling made after the remand." Sept. 14, 2011 Mandate of United States Court of Appeals [Civ. No. 06-1926, ECF No. 59; Civ. No. 06-1927, ECF No. 31]. Apparently, plaintiffs would read the D.C. Circuit's order as providing that following remand proceedings, plaintiffs may "appeal [*to the district court*] any still-disputed part of the remand order as well as any district court ruling made after the remand." *See* Pls.' Reply at 2. This Court declines to adopt such an illogical reading of the D.C. Circuit's order, which would require not only ignoring the context in which the order was issued, but also assuming that the D.C. Circuit disregarded or overlooked the law of the case doctrine.

Accordingly, plaintiffs' Motion for Leave to Conduct Discovery and to Supplement the Administrative Record [ECF No. 17] is **DENIED**, and the parties shall jointly file a proposed briefing schedule for dispositive motions by May 27th, 2016.

**SO ORDERED**.

May 12th, 2016

_____
THOMAS F. HOGAN
SENIOR UNITED STATES DISTRICT JUDGE