UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOMA LINDA KIDNEY CENTER,
ET AL.,
      Plaintiffs,

v.

AZAR,

      Defendant.

Civil Action No. 15-cv-01717 (TFH)
Consolidated with 15-cv-01721 (TFH)

## MEMORANDUM OPINION[1]

### INTRODUCTION

Pending before the Court are plaintiffs' joint motion for summary judgment [ECF No. 24], the Secretary's opposition [ECF No. 27] and identical cross motion for summary judgment [ECF No. 28], the parties' stipulation of dismissal of Counts II-V, [ECF No. 34], and the parties joint motion to treat the stipulation of dismissal as a motion to amend the complaints, [ECF No. 37]. Plaintiffs filed a reply to the Secretary's opposition to their motion for summary judgment. [ECF No. 30]. They also filed an identical opposition to the Secretary's cross motion for summary judgment [ECF No. 29], to which the Secretary filed a reply, [ECF No. 31]. Upon consideration of the parties' filings, and the entire record herein, the Court shall grant the parties' joint motion to treat the stipulation of dismissal as a motion to amend the complaints. The Secretary's cross motion for summary judgment as to Count I of both complaints shall be granted, and Plaintiffs' motion for summary judgment as to Count I of both complaints shall be

---

[1] The Court substitutes Secretary Alex M. Azar II in place of former head of the U.S. Department of Health and Human Services, Ms. Sylvia Burwell. Fed. R. Civ. P. 25(d).

1

denied. The Secretary's cross motion for summary judgment as to Counts II-V of both complaints shall be denied as moot.

## BACKGROUND

The Court incorporates the following excerpt from its 2016 decision *Loma Linda Univ. Kidney Ctr. v. Burwell*, 185 F. Supp. 3d 196 (D.D.C. 2016) ("*Loma Linda II*"), which describes this case's rather lengthy procedural history:

> This case stems from the Department of Health and Human Services' denial of plaintiffs' applications for exceptions to the payment rate for reimbursement of renal dialysis treatment services. Plaintiffs submitted their applications on August 28, 2000. The Centers for Medicare & Medicaid Services ("CMS") issued the agency's initial decisions, dated November 15, 2000, denying plaintiffs' applications on the merits.
>
> On administrative appeal, the Provider Reimbursement Review Board (the "Board") reversed the November 15, 2000 CMS decisions, finding that the applications should have been deemed approved because CMS did not provide notice of its decisions within 60 working days as required by 42 U.S.C. § 1395rr(b)(7) (providing that "[e]ach application ... shall be deemed to be approved unless the Secretary disapproves it by not later than 60 working days after the date the application is filed"). The Board concluded the issue whether CMS's denials of the applications were otherwise proper was moot.
>
> The CMS Administrator (the "Administrator"), however, reversed the Board's decisions, concluding instead that CMS timely denied plaintiffs' applications within 60 working days, even if it did not provide notice of its decisions until later. The Administrator reasoned that section 1395rr(b)(7) does not require that plaintiffs receive notice of the disapproval within the statutory time period, but rather, requires only that CMS *render* the disapproval of the applications within the 60-working day statutory period. The Administrator did not address whether CMS's denials of the applications were otherwise proper.
>
> Plaintiffs each sought judicial review under the Administrative Procedure Act ("APA"), their cases were consolidated, and the parties filed cross-motions for summary judgment. Plaintiffs also filed a motion to compel the production of any CMS logs reflecting the date upon which the November 15, 2000 denial letters were actually signed and mailed. Plaintiffs insisted their applications should have been deemed approved because, *inter alia*, section 1395rr(b)(7) requires that CMS provide notice of its decision within the 60-working day statutory period.

2

> On January 28, 2011, this Court granted in part and denied in part the Secretary's motion for summary judgment, granted in part and denied in part plaintiffs' motion for summary judgment, and affirmed a Magistrate Judge's denial of plaintiffs' motion to compel. *Loma Linda Univ. Kidney Ctr. v. Sebelius*, Civ. Nos. 06–1926 & 06–1927, 2011 WL 13063635, at *1 , *10 (D.D.C. Jan. 28, 2011) ("*Loma Linda I*"). In granting partial summary judgment in favor of the Secretary, this Court upheld the Administrator's interpretation of 42 U.S.C. § 1395rr(b)(7) as requiring only that CMS render its disapproval of the applications within the 60-working day statutory period, which interpretation this Court found was entitled to deference under *Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). *Loma Linda I*, 2011 WL 13063635, at *2–3 . . . . The Court further concluded that, with respect to the Administrator's determination that CMS's denials were rendered on November 15, 2000, "the record [is] adequate to find that the Administrator's decision[s] [are] not arbitrary, capricious, or based on insubstantial evidence in this respect." *Id.* at *9. However, because the Administrator's final decisions addressed only the timeliness issue and not the merits of plaintiffs' applications, the Court concluded that "the Administrator's decision[s] [are] arbitrary and capricious and a remand is necessary ... for a determination on the merits of Plaintiffs' applications [.]" *Id.* at *4, *10.
>
> Plaintiffs attempted to appeal this Court's January 28, 2011 ruling to the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"), but the Secretary filed a motion to dismiss, which the D.C. Circuit granted. Specifically, the D.C. Circuit concluded that this Court's order was not yet final because it included a remand to the agency for further proceedings—the D.C. Circuit noted that "[o]nce the proceedings on remand are concluded, appellants, if still aggrieved, may return to district court, and appeal any still-disputed part of the remand order as well as any district court ruling made after the remand." Sept. 14, 2011 Mandate of United States Court of Appeals [Civ. No. 06-1926, ECF No. 59; Civ. No. 06–1927, ECF No. 31].
>
> On remand before the agency, the Board rendered decisions on September 1, 2015, finding that CMS properly denied plaintiffs' applications—the Board declined to address the timeliness issue . . . . Because the Administrator declined to review the Board's decisions, they became the agency's final decisions on this matter.

*Loma Linda II*, 185 F. Supp. at 197-99.

On October 19, 2015, plaintiffs again sought judicial review under the APA. Compl., Oct. 19, 2015, *Loma Linda Univ. Kidney Ctr. v. Burwell*, 15-cv-01717 [ECF No. 1]; Compl., Oct. 19, 2015, *Loma Linda Univ. Med. Ctr. v. Burwell*, 15-cv-01721 [ECF No. 1]. The Court consolidated the cases under case number 15-cv-01717 on March 3, 2016. On March 17, 2016,

3

plaintiffs sought leave to conduct discovery related to the date CMS signed and mailed the denial letters. [ECF No. 17]. The Court denied the motion. *Loma Linda II*, 185 F. Supp. 3d at 196.

Plaintiffs filed a motion for summary judgment on July 25, 2016. [ECF No. 24]. As to Count I of their complaints, they argue that the Secretary did not "meet her burden of demonstrating that the exception request was denied within the sixty working day period" because the Secretary did not communicate the denial within 60 days. Pls.' Mot. at 10. They also contend that the law of the case does not govern due to the D.C. Circuit's 2011 opinion in *Gundersen Lutheran Med. Ctr., Inc., v. Sebelius*, 666 F.3d 1335 (D.C. Cir. 2011), which they allege is an intervening change in the law. Pls.' Reply at 2 [ECF No. 30]. In response, the Secretary points to the Court's 2016 opinion in *Loma Linda* II ruling that the timeliness issue was governed by the law-of-the-case doctrine and that *Gundersen* did not undermine the Court's ruling in *Loma Linda I*. Mem. of P. & A. in Supp. of Def.'s Cross Mot. at 11 [ECF No. 28-1] (citing *Loma Linda II*, 185 F. Supp. 3d at 200).

Plaintiffs contend that they are "not further pursuing Counts II through V" of their complaints "in the interests of economy and obtaining an expeditious resolution of this case." Pls.' Reply. at 3, n.3 [ECF No. 30]. The Secretary alleges that plaintiffs "abandoned and waived their merits arguments" as to those counts by failing to address them in their summary judgment briefing. Mem. of P. & A. in Supp. of Def.'s Cross Mot. at 12 [ECF No. 28-1]. In the alternative, the Secretary argues that the Board's 2015 findings and conclusions should be upheld because they were "thorough, well-reasoned, consistent with the applicable statute, regulations, and manual provisions, and were supported by substantial record evidence . . . ." *Id.* at 13. Although the Secretary cited the Board's decision in its briefing, he did not cite to the underlying administrative record to support his assertions.

After the motions became ripe, the D.C. Circuit held in *Winston & Strawn, LLP v. McLean* that "a motion for summary judgment cannot be deemed 'conceded' for want of opposition." 843 F.3d 503, 508 (D.C. Cir. 2016). In light of that decision, the Court heard argument on the motions on December 20, 2017, and directed the Secretary to file an unopposed motion to dismiss Counts II-V, or supplement his motion for summary judgment to address Counts II-V by referencing and attaching relevant support from the administrative record. Min. Order, Dec. 20, 2017.

On December 22, 2017, the parties filed a joint stipulation of dismissal of Counts II-V of the complaints pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [ECF No. 34]. On February 1, 2018, they filed a joint motion to treat the stipulation of dismissal as a motion to amend the complaints if the Court finds that Rule 41(a)(1)(A)(ii) does not allow the parties to stipulate to the dismissal of only some of their claims. [ECF No. 37]. If the Court decides to treat the stipulation of dismissal as motions to amend, the parties ask that the Court apply the previously filed pleadings and summary judgment briefs to the amended complaints, "thereby avoiding further delays that would be accompanied by either the filing of new answers or a new round of briefing." *Id.* at 5. The parties also agree that the amended complaints will relate back to the dates of the original complaints. *Id.*

## ANALYSIS

### Counts II-V

The parties originally sought dismissal of Counts II-V under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which provides that a plaintiff "may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Although the D.C. Circuit has not ruled on the issue, a number of circuits have found that Rule 41(a)

5

provides only for the dismissal of actions, not individual claims, and that amending the complaint is the proper procedure for a plaintiff to dispense with individual claims. *See, e.g., Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("Rule 41(a) governs dismissals of *entire actions*, not of individual claims"); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[a] plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (citations omitted). Courts faced with Rule 41(a) requests to dismiss individual claims often treat them as motions to amend. *See, e.g., Childress v. City of East St. Louis, Ill.*, 2010 WL 5289261 (S.D. Ill. 2010) ("[t]he solution to the improper use of a voluntary dismissal motion is to convert the faulty Rule 41 motion into a Rule 15 motion to amend the complaint.") (citations omitted).

In this instance, the decision whether to grant dismissal pursuant to Rule 41 or treat the parties' stipulation of dismissal as a motion to amend plaintiffs' complaints is largely immaterial. The parties agree that they no longer wish to litigate Counts II-V. They simply seek the proper vehicle to dispense with Counts II-V without delaying the litigation and prompting further filings. In line with what appears to be the prevailing approach, the Court will treat the parties' stipulation of dismissal as a motion to amend plaintiffs' complaints to include only Count I of each complaint. *See* Fed R. Civ. P. 15(a)(2) (aside from amendment once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave"). The Court shall deny as moot the Secretary's summary judgment motion with regard to Counts II-V.

**Count I**

The Court now turns to Count I of the complaints, which the parties request that the Court rule on without delay. As the Court ruled once before, the timeliness issue that plaintiffs attempt to re-litigate is controlled by the law of the case. *See LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) ("the law-of-the-case doctrine[] [provides that] the *same* issue presented a second time in the *same* case in the *same court* should lead to the *same result*."). The Court decided the timeliness issue in *Loma Linda I*, where it evaluated the reasonableness of the "Administrator's decision . . . that the term 'disapproves' in 42 U.S.C. § 1395rr(b)(7) does not encompass service of the CMS denial letters." *Loma Linda I*, 2011 WL 13063635, at *2. The Court ruled that because the Secretary's interpretation of the statute "comports with the statute's plain language and Congressional intent it warrants *Chevron* deference." *Id.* Plaintiffs admit as much when they "recognize that the Court has already ruled that the exception request was timely disapproved because it was '*rendered*' on November 15, 2000," but assert the issue again "to preserve plaintiffs' right to file an appeal on this issue to the D.C. Circuit." Pls.' Mot., at 10, n.3 [ECF No. 24].

When plaintiffs sought leave to conduct discovery related to the date CMS signed and mailed the denial letters, the Court declined to consider the issue a second time. *See Loma Linda II*, 185 F.Supp.3d at 200 (ruling that "judicial review of th[e] issue (at least by this Court) [was] foreclosed by the law of the case doctrine."). The Court also examined the *Gundersen* opinion and concluded that it "does not amount to a change in the law that would warrant this Court revisiting the timeliness issue." *Id.* The Court noted that "[a]lthough the D.C. Circuit in *Gundersen* concluded that CMS had satisfied the 60-working day requirement where it had provided notice of its decision [to the intermediary] prior to the 60th day, the D.C. Circuit clarified that 'if, for some hypothetical reason, [CMS]'s decision was not available to the applicant in a timely manner,

7

the relevant question would be how to interpret *the appeal regulation—not* section 1395rr(b)(7)."[2] *Id.* at 200 (quoting *Gundersen*, 666 F.3d at 1337). The Court also found that "plaintiffs otherwise fail[ed] to assert, much less demonstrate, that the Court's previous decision was clearly erroneous and would work a manifest injustice." *Id*; *see Sherley v. Sebelius*, 689 F.3d 776, 781 (D.C. Cir. 2012) (noting that courts are "appropriately loathe to reconsider issues already decided, except in the case of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.") (internal quotation marks and citations omitted).

In light of the Court's prior rulings, including its consideration of *Gundersen*, the law of the case has been established, and the Court shall not revisit the timeliness issue further.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint motion to treat the stipulation of dismissal as a motion to amend the complaints, **DENIES** plaintiffs' motion for summary judgment as to Count I of the complaints, and **GRANTS** the Secretary's cross motion for summary judgment as to Count I of the complaints. The Court **DENIES AS MOOT** the Secretary's cross motion for summary judgment as to Counts II-V.

February 20, 2018

_____
Thomas F. Hogan
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Even so, it appears reasonable to conclude that CMS notified the intermediary on the 60th day after plaintiffs submitted their exception requests. The intermediary received CMS's denial letters on November 27, 2000, the 61st working day after plaintiffs submitted their request. *See* Pls.' Mot. at 12 [ECF No. 24]; Loma Linda Kidney Ctr. J.A. at 48 [ECF No. 32]; Loma Linda Med. Ctr. J.A. at 18 [ECF No. 33]. The Secretary asserts that the government mailed the letters from Baltimore, Maryland, to Oxnard, California, and that the government must have mailed them on Friday, November 24, given that they arrived the following Monday. Def.'s Reply at 3 [ECF No. 31]; Def.'s Memo. in Opp. to Mot. for Disc. at 22 [ECF No. 19]. Although plaintiffs suggest that the government may have faxed or emailed the letters on November 27, 2000, they do not provide support for that assertion. Pls.' Mot. at 13 [ECF No. 24].